UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN WEGENER,

      Plaintiff,

v.                                                                          Hon. Robert J. Jonker

SUNDAR PICHAI,                                                Case No. 1:26-cv-1151

      Defendant.

_____

## REPORT AND RECOMMENDATION

Plaintiff Allen Wegener has sued Sundar Pichai, the CEO of Google. It appears that Plaintiff may have also intended to sue Google, Inc. Plaintiff invokes the Court's diversity jurisdiction. (ECF No. 1 at PageID.1, 8.)

On April 9, 2026, I granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 8.) Accordingly, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Based on this review, I recommend that the Court dismiss the action for lack of subject matter jurisdiction. Alternatively, I recommend that the complaint be dismissed for failure to state a claim.

### I.  Background

Plaintiff apparently was a user of Google's free email service, Gmail. In the form portion of his complaint, he alleges:

> Defendant blocked the Plaintiff's Google e-mail account because he refused to make a money payment to be able to send/receive messages from Google e-mail. Google the[n] began running their Google Ads on Plaintiff's YouTube channel blocking the Plaintiff from opening his YouTube channel in his Gmail account and fails to pay Plaintiff for running Google Ads on his channel.

(ECF No. 1 at PageID.4.)

In the "Brief" he appends to his form complaint, Plaintiff alleges that at some point he received an e-mail message from Google or its employees advising him that he was required to pay "so much money" if he wished to keep his e-mail service to send and receive messages. (*Id.* at PageID.7.) Plaintiff alleges that he ignored the message and eventually was blocked from his Gmail account and other services provided by Google. (*Id.*) Plaintiff alleges that Defendant failed to provide him "free e-mail services that [s]earch engines are supposed to provide to their users." (*Id.* at PageID.8.) Plaintiff claims that he has lost his ability to access his YouTube channel as a result of being blocked from his Gmail account and has suffered financial loss since Google now runs Google Ads on his YouTube channel and is not paying him for doing so. (*Id.*) Plaintiff states that he has lost "an unidentifiable amount of money" as a result of being blocked from accessing his Gmail account, but admits that he "is unable to determine how much money he should be getting [p]aid[.]" (*Id.*) Nonetheless, he seeks $3,000,000 in damages "for fraud and negligence," although he had originally requested $10,000,000. (*Id.* at PageID.4, 8.)

## II.  Discussion

### A.    Subject Matter Jurisdiction

As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Regardless of whether the parties raise the issue, a federal court is obligated to examine its subject matter jurisdiction *sua sponte. See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998).

As noted, Plaintiff alleges diversity of citizenship as the basis for the Court's jurisdiction over his claims. A case falls within diversity jurisdiction if it is between citizens of different States and the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The issue here is the amount-in-controversy requirement. The applicable rule in a diversity case is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

Zooming in further, the specific issue is Plaintiff's good faith. The "[m]ere averment of the amount claimed to be in controversy is not enough to confer jurisdiction." *Mosley v. Equifax, Inc.*, No. CV 19-11226, 2019 WL 2539349, at *1 (E.D. Mich. June 20, 2019) (citing *Breault v. Feigenholtz*, 380 F.2d 90, 92 (7th Cir. 1967)). "Where a party alleges excessive damages beyond any reasonable expectation of recovery, jurisdiction does not attach." *Jennings v. Ford Motor Co.*, No. 94-4079, 1995 WL 299049, at *1 (6th Cir. 1995) (citing *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976)). In *Jennings*, the court found that the plaintiff's prayer for $10 million was "so excessive in comparison with the facts alleged in support of the claim as to evidence a lack of good faith." *Id.*

Here, Plaintiff's request for damages of $10 million, or even $3 million, lacks good faith because it is untethered to any fact suggesting that he has suffered any damages at all, let alone damages in the millions of dollars. Plaintiff's frank admission that he is unable to determine his financial loss, if any, undergirds a finding of lack of good faith. For example, why is the number $3 or $10 million? Why not $20 or even $50 million? Moreover, Plaintiff makes no allegation that his YouTube videos generate so many views that he can reasonably claim millions of dollars in

3

damages, let alone $75,000, exclusive of interest and costs.[1] *See generally Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973) ("Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." (footnote omitted)).

Thus, I recommend that the Court dismiss this matter for lack of jurisdiction.

### B.      Failure to State a Claim

Alternatively, I recommend that the complaint be dismissed for failure to state a claim. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

---

[1] A YouTube search using Plaintiff's name, Allen Wegener, returns a series of nine videos posted one and two years ago. Two videos have no views and the remaining videos have two, four, five, nine, eleven, twenty-nine, and fifty-nine views, respectively. *See* https://www.youtube.com/@AllenWegener (last visited Apr. 10, 2026).

action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Here, Plaintiff fails to state a cognizable claim. Even giving the complaint the benefit of a liberal construction in light of Plaintiff's pro se status, the complaint does not plausibly allege that Defendant's actions give rise to a state-law cause of action. Plaintiff mentions fraud and negligence, but his conclusory allegations fall far short of establishing the elements of such claims. To state a claim for fraud, a plaintiff must allege that: (1) the defendant made a material misrepresentation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage. *M&D, Inc. v. W.B. McConkey*, 231 Mich. App. 22, 26–27 (1998). The complaint satisfies none of these elements.

As for negligence, a plaintiff must allege that: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the breach proximately caused plaintiff injury; and (4) the plaintiff suffered damage. *Cummins v. Robinson Twp.*, 283 Mich. App. 677, 692, (2009). As with fraud, Plaintiff fails to allege any fact supporting even a single element of a negligence claim.

Therefore, assuming jurisdiction, I recommend that the Court dismiss the complaint for failure to state a claim.

5

### III.  Conclusion

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction and, alternatively, for failure to state a claim upon which relief can be granted.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  April 13, 2026

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).