UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN WEGENER,

       Plaintiff,

                                          CASE No. 1:26-CV-1151

v.

                                          HON. ROBERT J. JONKER

SUNDAR PICHAI,

       Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Berens' Report and Recommendation (ECF No. 9) and Plaintiff's Objection to the Report and Recommendation (ECF No. 12).   Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."   12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.   The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).   De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.   *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections.   After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends dismissing Plaintiff's Complaint for lack of subject matter jurisdiction or, alternatively, for failure to state a claim on which relief can be granted. Plaintiff's objections fail to deal in a meaningful way with the Magistrate Judge's analysis.   The Magistrate Judge carefully and thoroughly considered the record and the governing law.   The Magistrate Judge properly analyzed Plaintiff's claims.   Nothing in Plaintiff's objections changes the fundamental analysis.   It appears Plaintiff may believe the Magistrate Judge erroneously found that Defendant was entitled to immunity.   Plaintiff is incorrect.   The Magistrate Judge, rather, correctly identified the jurisdictional defects in Plaintiff's pleading.   Immunity was not at issue, and the Magistrate Judge did not suggest otherwise.   Plaintiff also seems to suggest that he has made a "statement" that should suffice to move forward with his case.   Plaintiff again misses the mark.   It is not a question of whether a particular set of words amounts to a declarative statement. It is whether the set of statements amounts to a *Twombly*-plausible legal claim.   Here they did not, for the very reasons articulated by the Magistrate Judge.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 9) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the pending motions (ECF Nos. 3, 4, 5, 6, and 11) are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** for lack of subject matter jurisdiction and failure to state a claim under 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee under § 1915(b)(1); *see McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

Dated:   April 21, 2026                            /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    UNITED STATES DISTRICT JUDGE